UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STEEL WORKERS OF AMERICA, AFL-CIO•CLC )<br>)<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>NORTH MANCHESTER FOUNDRY, )<br>INC., )<br>)<br>Appellee. )<br>) | Case No. 3:05-cv-37 |

**MEMORANDUM, OPINION AND ORDER**

This matter is before this Court on Appellant United Steelworkers of America, AFL-CIO•CLC's ("USWA's" or "Union's") appeal from the judgement entered by the Bankruptcy Court on December 9, 2004, (1) denying the USWA's Motion for Reconsideration of Order Disallowing Administrative claim, (2) denying the USWA's Motion to Reconsider Order Approving Distribution of Administrative Claims, and (3) approving Chapter 11 Final Report and Application to Close Case and Motion for Final Decree filed by the Chapter 11 Case Trustee, Yvette Gaff Kleven ("Trustee"). The USWA appeals on the basis that the Bankruptcy Court erred in finding that the Appellant lacked excusable neglect in the manner in which it filed its administrative claim. Alternatively, the Trustee asserts that the Notice to All Creditors, dated February 12, 2004, clearly and unambiguously specified the form and procedures to be employed, as does Local Bankruptcy Rule B-2002-2. Additionally, the Trustee asserts, "[t]he Union,

through its attorneys, chose to ignore such procedures set forth by [the] court."
(Appellee's Reply Brief at page 2; *citing* R.42; Bankruptcy Court's Memorandum of Decision at page 11).

## I.  Statement of Jurisdiction

This Court has jurisdiction of the bankruptcy appeal pursuant to 28 U.S.C. § 158.

## II.  Procedural Background

North Manchester Foundry, Incorporated filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 15, 2001 in the Bankruptcy Court for the Northern District of Indiana.  On February 12, 2004, a "Notice to All Creditors" was served on all creditors and parties in interest by the debtor and the Chapter 11 Trustee.  In that Notice, all creditors and parties in interest were admonished that "any party seeking allowance of administrative claims shall file a Motion for Allowance of Administrative Claim on or before March 15, 2004."  (Bankruptcy Court's Memorandum of Decision of 12/9/2004 at page 3).   Then, on March 15, 2004, the USWA filed its "Proof of Claim for Administrative Expenses on Behalf of United Steelworkers of America, AFL-CIO•CLC."  Stip. Ex. 3.  On May 24, 2004, the court issued an Order to Show Cause because no action had been taken within the previous sixty (60) days regarding what the court termed the USWA's "Proof of Claim (Motion) for Administrative Expenses on Behalf of the United Steelworkers of America, AFL-CIO•CLC."  Stip. Ex. 4.  On June 14, 2005, the USWA stated that, on March 15, 2004, it had filed its "Application for Payment of Administrative Expenses" and that it "had been engaged in collecting the evidence

necessary to prove up its administrative claim" since that date. Stip Ex. 6. The USWA's Notice of Motion and Opportunity to Object was filed on June 23, 2004, and another Notice of Filing was filed by the USWA on July 12, 2004. On the same date, the USWA sent the Notice of Motion and Opportunity to Object to an attached list of creditors. *See* Stip. Ex. 18.

On July 16, 2004, the Trustee responded to the USWA's July 12, 2004 Notice and presented a list of reasons why the court should deny the USWA's Proof of Claim of Administrative Expense. The USWA filed an Amended Notice of Motion and Opportunity to Object, with service on all counsel of record, creditors and parties in interest, on July 20, 2004. And on July 22, 2004, the Trustee filed her Objection to the USWA's Amended Motion. Specifically, the Trustee asserted that the Amended Notice was defective in that it failed to comply with local rules and that, while the Amended Notice stated that a "Motion" had been filed, in reality, a "Proof of Claim" was filed. The Trustee asserted that the Notice failed to state the amount of the claim or the ground for the motion and did not contain an attached copy of the motion. Finally, the Trustee pointed out that, as of July 22, 2004, the USWA had not filed a "Motion to Allow Administrative Claim," as the court's Notice of February 12, 2004 required.

In the interim, on June 17, 2004, the Trustee filed her Report to the Court. That Report did not include the USWA's claim. The Trustee held $329,542.95, which was less than the total amount of the claims ($368,955.43). As such, the Trustee proposed to pay the claims pro rata. *See* Stip. Exs. 2. On June 23, 2004, the Trustee filed an Amended

3

Report to the Court, adding the fees of the U.S. Trustee and presenting $370,455.43 in court-approved administrative costs. *See* R. 581. The Court issued Orders on September 9, 2004 disallowing the USWA's Proof of Claim for Administrative Expenses and approving the Trustee's Amended Report. These Orders are the subject of the USWA's Motions for Reconsideration.

An evidentiary hearing was held on December 1, 2004, at which time the court heard evidence from David Jury, Assistant General Counsel for the USWA. At this hearing, the court made specific findings of fact. Specifically, the court found that the USWA failed to comply with the court's local procedures by failing to file its request in the form of a motion, despite the clear language in the court's Notice (02/12/2004) and despite the show cause order's parenthetical reference to the required motion format. Moreover, the court found that Mr. Jury admitted the procedural mistakes and determined that the errors committed had foreclosed the Union from receiving and administrative claim. On December 9, 2004, the court denied the Motion of the USWA for Reconsideration of Order Disallowing Administrative Claim and the USWA's Motion to Reconsider Order Approving Distribution on Administrative Claims. The court approved the Chapter 11 Final Report and Application to Close Case and granted Kleven's Motion for Final Decree.

### III. Statement of Case

On appeal, the USWA stated that this is a case wherein the Chapter 11 Trustee, Yvette Gaff Kleven ("Kleven"), sought to deprive the bargaining unit employees of North

4

Manchester Foundry, Incorporated ("North Manchester") of "vacation pay earned while working to preserve the Company's business during its Chapter 11 case merely because the Union styled its claim for benefits as a 'proof of claim for administrative expenses' rather than a 'motion for allowance of an administrative claim.'" (Appellant's Brief of 02/12/2005 at page 1). Specifically, the USWA asserted that its claim identified seventy-one (71) employees with vacation claims and specified the amount owing to each, listed an unliquidated claim for any pending grievances, listed an unliquidated claim for unpaid medical claims of at least $10,000 "or such amounts asserted in proofs of claims filed individually by bargaining unit employees," (R. 3 at 2), listed an unliquidated claim for any other amounts owing under the collective bargaining agreement with the Company (R. 3 at 3), and asserted that the USWA then served notice of its claim on all parties-in-interest.

On appeal, the issues are: (1) whether the Bankruptcy Court erred in granting the Trustee's motion for a judgement on partial findings, determining that the Union had not demonstrated that its neglect was excusable; and (2) whether the Bankruptcy Court erred in approving the Chapter 11 Final Report and Application to Close Case and grating the Motion for Final Decree filed by the Chapter 11 Case Trustee.

### IV. Standard of Review

When deciding whether to affirm, modify or reverse an order of the bankruptcy court, a "'[f]inding of fact...shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of

5

witnesses.'" *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004); *See* Bankruptcy Rule 8013. Questions of law and mixed questions of law and fact, however, are reviewed *de novo*. *Id.; See also Meyer v. Rigdon,* 36 F.3d 1375, 1379 (7th Cir. 1994). A finding is clearly erroneous if the Bankruptcy Court's determination leaves the reviewing Court with the definite and firm conviction that the Bankruptcy Court committed a mistake. *In re Porter*, 202 B.R. 109, 120 (N.D. Ind. 1996). The district court may overturn the findings if they are contrary to law. *In re Marrs-Winn Co.*, 103 F.3d 584, 589 (7th Cir. 1996). In such cases, the district court is authorized to affirm, reverse or remand the Bankruptcy Court's ruling. *See Smoker v. Hill & Associates, Inc.*, 204 B.R. 966, 970 (N.D. Ind. 1997).

## V.  Discussion

The question before this Court is whether the Bankruptcy Court erred in granting the Trustee's motion for a judgement on partial findings, determining that the Union had not demonstrated that its neglect was excusable. In *Pioneer Investment Servs. Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 392 (1993), the leading case on "excusable neglect" in bankruptcy law, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." To determine whether a mistake or neglect is "excusable," the Court in *Pioneer* established a two-step test under Rule 9006. *In re Banco Latino International*, 310 B.R. 780, 785 (S.D. Fla. 2004). First, the movant must show that its actions constituted "neglect." Neglect can be established either by (1) circumstances beyond the movant's reasonable control; or

(2) the movant's inadvertence, mistake or carelessness. *Pioneer*, 507 U.S. at 387-394, 113 S.Ct. 1489. If neglect is shown, then the movant must prove that the neglect was "excusable." This entails a balancing test which may include the following factors: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (5) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1489. These factors are nonexclusive; the test requires an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *In re Banco Latino,* 310 B.R. at 785. *See also In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

    The USWA asserts that the Bankruptcy Court abused its discretion by using a peculiarly narrow application of the excusable neglect doctrine. Specifically, the USWA asserts that it satisfied the equitable principles which underlie the excusable neglect doctrine. First, the USWA stated that 11 U.S.C. § 503(a) does not prescribe a procedure for requesting the payment of administrative expenses. Rather, 11 U.S.C. § 503(a) only states that an entity may "file a request for payment of an administrative expense." And the USWA relies on this section of the United States Code to base its assertion that it's proof of claim met the "low standards utilized by other courts in connection with administrative expense requests." Appellant's Brief (02/17/2005) at page 13. Specifically, the USWA asserts that the fact that it presented its claim in writing, stated the nature and the amount of the request, attached an exhibit listing the names of 71

7

bargaining unit employees and the amount owing to each, and evidenced an intent to hold the estate liable is sufficient to meet the requirements of 11 U.S.C. §503(a).

This is not a case, though, in which the Bankruptcy Court failed to establish the procedure for requesting the payment of an administrative expense.  Here, the Bankruptcy Court clearly proscribed the procedure by which a request for the payment of an administrative expense should have been made.  On February 12, 2004, the Bankrupcty Court issued a Notice informing all interested parties that "any party seeking allowance of administrative claims shall file a Motion for Allowance of Administrative Claim on or before March 15, 2004."  R. at 42; Bankruptcy Court's Memorandum of Decision at page 10.  Thereafter, on March 15, 2004, instead of filing a Motion for Allowance of Administrative Claim, the USWA filed a Proof of Claim for Administrative Expenses.  R. at 3.  Nevertheless, the USWA asserts that this case boils down to procedure and that a liberal application of excusable neglect should be applied.  This case, however, is not that simple.

In *Pioneer*, the court stated, "the Courts of Appeals for the 4th, 7th, 8th, and 11th Circuits have taken a narrow view of 'excusable neglect' under Rule 9006(b)(1), requiring a showing that the delay was caused by circumstances beyond the movant's control."  *Pioneer*, 507 U.S. at 385.  *See In re Davis*, 936 F.2d 771, 774 (CA4 1991); *In re Danielson*, 981 F.2d 296, 298 (CA7 1992); *Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1314-1315 (CA8 1987); *In re Analytical Systems, Inc.*, 933 F.2d 939, 942 (CA11 1991).  Thus, courts are empowered to accept late filings, but only when

8

the failure to act in a timely, or here, proper, manner, was the result of excusable neglect beyond the movant's control. The *Pioneer* Court went on to state that, pursuant to Rule 9006(b)(1), Congress considered that the courts would be permitted to accept late filings caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388. This determination is, at its base, an equitable one, but also, "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Id.* at 392 (*quoting Prizevoitis v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996)).

On December 1, 2004, the court held an evidentiary hearing. At that hearing, David Jury, Assistant General Counsel for the USWA,[1] testified. Mr. Jury stated that he received the court's Notice of February 12, 2004, requiring parties seeking administrative claims to file a motion by March 15, 2004 and that, acting on that motion, he instead filed a proof of claim on March 15, 2004. Mr. Jury explained his action by stating that "in his experience in other bankruptcy courts, the filing of a "Proof of Claim of Administrative Expenses" was sufficient to comply with the bar date notice."[2] Bankruptcy Court's Memorandum of Decision at page 5. Mr. Jury also discussed the court's May 24, 2004

---

[1]Mr Jury has been the USWA's attorney for 8 ½ years, has practiced bankruptcy law extensively and is the attorney who filed the administrative claim that had been disallowed by the court. Bankruptcy Court's Memorandum of Decision at page 5.

[2]Mr. Jury stated that he "had filed a proof of claim four or five other times in bankruptcy cases and that those requests for administrative expenses had not been rejected because of his use of a proof-of-claim format." *Id.*

9

Order to Show Cause, requiring the USWA to explain in writing "why the Proof of Claim (Motion) for Administrative Expenses...should not be dismissed due to lack of prosecution." *Id*. at 6 (*quoting* Stip. Exs. 4, 6).  Mr. Jury then asserted that he had been collecting evidence necessary to prove up the administrative claim.  Mr. Jury cites the fact that the defects in the USWA's Notice of Motion and Opportunity to Object were remedied, along with the fact that the court used the term "motion" in parenthesis, to justify why he believed the court was treating his proof of claim as a motion.  *See Id*.  Of particular importance to the analysis of this case, however, is the fact that, on cross examination, Mr. Jury admitted that "he received the notice requiring that a motion be filed, that he did not review the court's local rules, that he did not ask local counsel about local procedures, and that he did not seek a stay of the Orders of September 2, 2004."

The law since *Pioneer* has established that, "'where a party's actions are deliberate, the party's late filing cannot constitute 'excusable neglect.'" *In re Banco Latino Int'l,* 310 B.R. at 785, *(quoting In re Celotex Corp*., 232 B.R. 493, 495 (M.D. Fla. 1999); *quoting Agribank v. Green*, 188 B.R. 982, 988 (C.D. Ill. 1995) and *citing In re Enstar Group, Inc.,* 215 B.R. 235, 237 (Bankr.M.D.Ala.1996); *In re Montaldo Corp.*, 209 B.R. 40, 48 (Bankr.M.D.N.C.1997); *In re LAN Assoc. XIV, L.P.*, 193 B.R. 730, 737 (Bankr.D.N.J. 1996); *In re Bicoastal Corp*., 176 B.R. 966, 971 (Bankr.M.D.Fla. 1994)); *see also, e.g. In re Dauer*, 165 B.R. 146, 149 (Bankr.D.N.J. 1994)("It follows that having made a deliberate decision not to file a timely proof of claim in this case, New Pal's untimely claim must be disallowed."); *In re Mahoney Hawkes*, LLP, 272 B.R. 19, 20 (1st

Cir. BAP 2002)(affirming Bankruptcy Court's order denying motion to allow late-filed claim as timely because the "tardiness was borne of calculation rather than neglect.")).

Here, the USWA, through Mr. Jury, was apprised of the fact that a motion should be filed, yet deliberately filed a proof of claim instead.  In doing so, the USWA failed to follow the explicit direction of the court.  The USWA cites several cases to support its proposition that since 11 U.S.C. § 503(a) does not specify the time, form or method for filing requests for payment of administrative expenses, "a written document filed with the court stating the nature and the amount of the claim, and evidencing an intent to hold the estate liable is sufficient to constitute a request for payment under Section 503 of the Bankruptcy Code."  Appellant's Brief (02/17/2004) at page 12 *(quoting In re Mansfield Tire and Rubber Co., Inc*., 73 B.R. 735, 739 (Bankr. N.D. Ohio 1987).

The USWA, however, overlooks a crucial fact.  While the Bankruptcy Rules themselves [*see* 11 U.S.C. § 503(a)] are silent as to the proscribed procedure for requesting the payment of an administrative expense, here, the Court clearly stated the procedure to be followed[3], as did the applicable local rule, L.B.R. B-2002-2.  In addition, several courts have held that the "filing of a proof of claim is not a substitute mechanism for requesting an administrative claim."  Bankruptcy Court's Memorandum of Decision at page 9 (*citing In re First Century Corp*., 166 B.R. 47, 48 (Bankr. M.D. Pa. 1994); *In re*

---

[3]The Bankruptcy Court stated that those seeking an allowance of an administrative claim were required to file a Motion for Allowance of Administrative Claim and did not provide for any other filing methods.  *See* R.42; Bankruptcy Court's Memorandum of Decision at pages 10-13.

11

*Bicoastal Corp.*, 147 B.R. 258, 260 (Bankr. M.D. Fla. 1992); but cf. *In re Sage Richmond L.L.C.*, 285 B.R. 364, 365 (Bankr. E.D. Va. 2002)(allowing an administrative claim to be filed as a proof of claim)).  Not only did the court clearly specify and require that any party seeking allowance of administrative claims file a Motion for Allowance of Administrative Claim, but also Mr. Jury stated that he, on behalf of the USWA, received that notice.  Mr. Jury also admitted that he did not follow the explicit direction of the court, but rather filed a proof of claim.[4]  Such actions cannot constitute excusable neglect.

In its Memorandum of Decision, the Bankruptcy Court discussed the *Pioneer* "guideposts for determining what sorts of neglect will be considered "'excusable'" along with recent Seventh Circuit case law on the topic.  Bankruptcy Court's Memorandum of Decision at page 10.  Of particular importance to the analysis of this case is the recent Seventh Circuit case, *In re Kmart Corp.*  In that case, the court noted, "[t]hree of our sister circuits have held that fault in the delay is the preeminent factor in the *Pioneer* analysis. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)(*quoting City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)("fault in the delay remains a very important factor–perhaps the most important single factor–in determining whether neglect is excusable.")); *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001)("We have observed that

---

[4]As such, this case is distinguishable from *Pioneer*, where the court was called on to decide "whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of the Rule." *Pioneer*, 507 U.S. at 382-83.  Here, the filing was timely, but the mistake in the form of the filing was intended rather than inadvertent.

the four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (internal quotation marks and bracket omitted)); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)(same). Although we have not yet similarly held, *see United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998), in this case, the factor is immensely persuasive. *In re Kmart Corp.,* 381 F.3d at 715.

Here, the court found that "the delay in this case was caused not by the USWA's untimely filing, since a filing on the final bar date still is timely, but by its decision to file a 'proof of claim' rather than a 'motion.'" Bankruptcy Court's Memorandum of Decision at page 11. This Court agrees with the court's finding that the delay in this case is centered around the USWA's intentional filing of a proof of claim rather than a motion. And it is the view of this Court that such action, though neglectful, is not excusable. While not acting out of bad faith, it is clear from the record in this case that the USWA did not make a diligent effort to follow the simple procedures set forth by the Bankruptcy Court in its February 12, 2004 Notice. As such, this Court agrees with the Bankruptcy Court's conclusion that the delay in filing the proof of claim was entirely within the USWA's control.[5] Put more directly, it was the USWA's fault, and, as such, the Bankruptcy Court's reasoning was sound, not an abuse of discretion and not clear error.

---

[5] The Bankruptcy Court found that "the Union had offered no acceptable reasons to consider its neglect excusable under the factors set forth in Pioneer. The record was devoid of evidence of excusable neglect...did not present additional evidence to support the claim of excusable neglect. The Court found not evidence that the USWA's mistake in failing to file the claim in the form of a motion was attributable to any entity other than the Union." Bankruptcy Court's Memorandum of Decision at page 12.

A showing of fault on the part of a creditor alone does not defeat a finding of "excusable neglect." *Farley, Inc. V. Ohio Bureau of Wkrs. Compensation*, 213 B.R. 138, 143 (N.D. Ill. 1997)(*citing Pioneer*, 507 U.S. at 388).  As such, this Court must also consider the remaining two *Pioneer* factors, (1) the danger of prejudice to the debtor and (2) the length of the delay and its potential impact on judicial proceedings.

The USWA asserts that (1) the Bankruptcy Court failed to make a specific finding regarding the prejudice to the Debtor and (2) that prior to distribution, there was no such prejudice.  Specifically, the USWA argues that by filing its motion by the March 15, 2004 deadline, it made the Trustee aware of the 71 bargaining unit employees who had performed services for the estate and accrued benefits and that the USWA was asserting a claim for more than $100,000 for vacation pay and unpaid medical claims.  Appellant's Brief (02/17/2004) at page 17.  The USWA goes on to assert that it served notice of its claim on all parties-in-interest before any monies were distributed.[6]  As such, the USWA argues that, at that point, there would have been no prejudice to the Debtor or to any other administrative claimant by allowing the USWA Claim.  Further, the USWA asserts that by allowing the its claim, the Bankruptcy Court would have prevented "an undeserved windfall to other creditors." *Id*. (*quoting In re Washington County Broadcasting*, 39 B.R. 77, 79 (Bankr. D. Me. 1984)).  Finally, the USWA asserts that, since the proof of claim

---

[6]The USWA, however, failed to file the proper form of Notice.  The USWA itself admits that it filed a proof of claim rather than a motion for administrative expenses.  The fact that the Bankruptcy Court referred to the USWA's claim as a "Motion" does not change this fact.

was timely filed, this is not a case in which a creditor seeks to excuse a late-filed claim. Rather, the USWA states that it did not delay in the prosecution of its claim. Appellant's Brief (02/17/2004) at page 19. As such, the USWA asserts that if the Bankruptcy Court has "allowed the USWA's Claim before the Trustee paid out all of the estate's funds, permitting the USWA's Claim would have had no impact on the judicial proceedings. *Id*.

In the Bankruptcy Court's Memorandum of Decision, however, the Bankruptcy Court did address the issue of prejudice to the Debtor. On page 11, the Bankruptcy Court discussed the "considerable court supervision" caused by the USWA's failure to file it's claim in the proper form of a motion. Therein, the court "found that the delay had an impact on its own court management and on the Trustee's ability to finalize the debtor's Chapter 11 Plan of Liquidation, which had been confirmed on February 2, 2004." Bankruptcy Court's Memorandum of Decision at page 11. Furthermore, the actual size of the USWA's claim is of importance in this analysis. The USWA's potential administrative expense claim was for an amount greater than $104,000 and claimed possible additional contingent amounts. This is significant because it would decrease the pro rata distribution to other claimants if it were allowed. Bankruptcy Court's Memorandum of Decision at page 11, footnote 8. This would certainly prejudice other administrative creditors in this case who followed the procedures proscribed by the court. By failing to comply with the proscribed procedures and L.B.R. B-2002-2, the USWA prevented the parties-in-interest from receiving proper notice of a motion for allowance

15

of administrative expense and disallowed parties-in-interest from having the appropriate opportunity to object.  This, equity cannot allow.

### VI.  Conclusion

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Bankruptcy Court's December 9, 2004 judgment is **AFFIRMED**.

**SO ORDERED.**

Dated: September  14 , 2005


                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**